UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEGUADALUPE ESCOTO ESQUIVEL,<br><br>          Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 1:14-cv-01902 – JLT<br><br>ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE JUDGMENT<br><br>(Doc. 25) |

      On August 29, 2016, the Court ordered this action be remanded to an administrative law judge for further proceedings. (Doc. 23) Currently before the Court is Plaintiff's motion to amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Doc. 25) For the following reasons, the motion is **DENIED**.

**I.**    **Procedural History**

      Plaintiff filed his applications for benefits on December 17, 2010, alleging disability beginning on May 1, 2009. (Doc. 12-6 at 10, 12) The Social Security Administration denied Plaintiff's applications at both the initial level and upon reconsideration. (*See generally* Doc. 12-4) After requesting a hearing, Plaintiff testified before an ALJ on January 17, 2013. (Doc. 12-3 at 33) The ALJ determined Plaintiff was not disabled and issued an order denying benefits on March 26, 2013. (*Id.* at 17-24) When the Appeals Council denied Plaintiff's request for review of the decision on November 10, 2014, the ALJ's determination became the final decision of the Commissioner of Social Security.

On December 1, 2014, Plaintiff initiated this action by filing his complaint for judicial review of the Commissioner's decision. (Doc. 1) Plaintiff filed his opening brief on October 21, 2015, asserting the ALJ erred in evaluating the record, including by not applying Rule 202.09 of the Medical-Vocational Guidelines and assessing Plaintiff's illiteracy. (Doc. 19)

The Court determined Rule 202.09 was inapplicable, but found the ALJ erred in evaluating Plaintiff's illiteracy. (Doc. 23) Accordingly, the Court remanded the matter for further proceedings, and judgment was issued in favor of Plaintiff on August 25, 2014. (Doc. 24) Plaintiff now contends the Court erred in its findings related to Rule 202.09 and seeks to have the Court amend the judgment. (Doc. 25) Defendant opposes the motion, arguing Plaintiff has not identified proper grounds for the judgment to be amended. (Doc. 27)

## II.     Legal Standard

A district court may alter or amend its judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The Ninth Circuit explained,

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to 'prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n. 1 (9th Cir. 1999)). A motion to amend judgment under Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008).

## III.    Discussion and Analysis

Plaintiff contends relief under Rule 59(e) is appropriate in this matter "to prevent a miscarriage of justice." (Doc. 25 at 3, emphasis omitted) Plaintiff acknowledges that judgment was entered in his favor but seeks to have the Court amend its findings because he "may need to take advantage of [Rule

2

202.09]… on remand." (*Id.*)

According to Plaintiff, the Court erred in finding Rule 202.09 was inapplicable to the facts of the case. (*See generally* Doc. 25 at 4-8) Plaintiff again argues that he lacks transferable skills, and thus his work history should be considered "unskilled" for purposes of Rule 202.09, noting that in *Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000), the Ninth Circuit concluded:

> The grid rules are ambiguous with regard to the treatment of skilled or semi-skilled work histories with no transferable skills. We hold that, as a matter of interpretation, in applying the grid rules the Commissioner must treat a skilled or semi-skilled work history with no transferable skills as equivalent to an unskilled work history.

(Doc. 25 at 5) With this in mind, the Ninth Circuit explained that "Rule 202.09 applies to a claimant who is restricted to light work, who is closely approaching advanced age, who is illiterate or unable to communicate in English, and who has a skilled or semi-skilled work history with no transferable skills or an unskilled work history." *Silveira*, 204 F.3d at 1260, n.11.

Previously, the Court noted a vocational expert classified Plaintiff's past relevant work as "skilled" and "semiskilled" and determined Rule 202.09 did not apply, ending its analysis. (Doc. 23 at 9, quoting Doc. 12-3 at 51) Significantly, as the Court observed in its review of the relevant hearing testimony, the vocational expert also testified Plaintiff had obtained "some transferable skills." (*Id.* at 6, quoting Doc. 12-3 at 52) The ALJ asked the vocational expert to consider Plaintiff's past relevant work—which included positions as a cement mason and construction worker—and the expert testified Plaintiff obtained skills that were transferable "to the degree that he used them for the light work." (*Id.*, quoting Doc. 12-3 at 51) In responding to the first hypothetical question, which limited the individual to medium rather than light work, the vocational expert identified light work that would use transferable skills, such as salesperson, tool equipment rental clerk, and "cook's helper." (*Id.*, citing Doc. 12-3 at 51-52) Indeed, Plaintiff was limited to light work by the ALJ, with additional postural limitations. (*See* Doc. 12-3 at 19) Thus, contrary to Plaintiff's argument, the evidence before the Court did *not* demonstrate that Plaintiff's skills were not transferable, such that his work experience should be considered "unskilled" under Rule 202.09. Consequently, Plaintiff fails to show a manifest error by the Court in its analysis.

///

## IV.     Conclusion and Order

For the foregoing reasons, Plaintiff has not shown relief under Rule 59(e) is proper and that the judgment previously entered in his favor should be amended.  Accordingly**, IT IS HEREBY ORDERED** that Plaintiff's motion to amend the judgment (Doc. 25) is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 28, 2016**                            /s/ Jennifer L. Thurston
                                                                             UNITED STATES MAGISTRATE JUDGE