**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JOSEGUADALUPE ESCOTO ESQUIVEL, | ) | Case No.: 1:14-cv-1902- JLT |
| Plaintiff, | ) ) | ORDER GRANTING IN PART COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT |
| v. | ) ) | TO 42 U.S.C. § 406(b) |
| COMMISSIONER OF SOCIAL SECURITY, | ) | (Doc. 31) |
| Defendant. | ) ) ) | |

Lawrence D. Rohlfing, counsel for Joseguadalupe Escoto Esquivel, seeks an award of attorney fees pursuant to 42 U.S.C. § 406(b). (Doc. 31) Plaintiff has not responded to the motion. The Commissioner, in a role resembling that of a trustee to Plaintiff, opposes the motion to the extent the request by counsel exceeds the maximum permitted under Section 406(b). (Doc. 35) For the following reasons, the motion for fees is **GRANTED** in part, in the modified amount of $13,657.88.

**I.      Relevant Background**

Plaintiff entered into a contingent fee agreement with the Law Offices of Lawrence D. Rohlfing on May 4, 2015. (Doc. 31-1) The agreement entitled counsel to an award of "25% of all past due benefits awarded upon reversal of any unfavorable ALJ decision for work before the court," if judicial review of an administrative decision was required, and the adverse decision of an ALJ was reversed. (*Id.* at 1) The agreement also indicated Court approval would be sought for fees under the Equal Access to Justice Act. (*Id.*)

On December 1, 2014, Plaintiff filed a complaint for review of the administrative decision denying his application for Social Security benefits. (Doc. 1) Following briefing by the parties, the Court determined the administrative law judge failed to consider Plaintiff's illiteracy when identifying jobs under the national economy that an individual with limitations such as Plaintiff could perform at step five of the sequential evaluation. (Doc. 23 at 9-11) Therefore, the Court remanded the matter for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on August 29, 2016. (*Id.* at 13) The parties stipulated to the award of fees, and the Court awarded $3,496.98 in fees under the Equal Access to Justice Act to Plaintiff, pursuant to the terms in the stipulation. (Doc. 30)

Following the remand an ALJ issued a "Fully Favorable" decision on April 16, 2019, finding Plaintiff "has been under a disability as defined by the Social Security Act since April 10, 2011." (Doc. 31-2 at 1, 15) On August 28, 2019, the Social Security Administration issued a letter to Plaintiff's counsel related to fees, which indicated fees had been withheld from Plaintiff's past-due benefits, but the letter did not identify the total withheld or the amount of the past-due benefits to which Plaintiff was entitled. (*See* Doc. 31-3 at 1-3)

On September 24, 2019, Mr. Rohlfing filed the motion now pending before the Court, seeking an award of $20,000 in attorney's fees. (*See* Doc. 31) Plaintiff was served with the motion and informed of the right to file a response, to indicate whether he agreed or disagreed with the requested fees. (*Id*. at 2, 14) Because a "Notice of Award" was not available or attached to the motion, the parties stipulated for the Commissioner to have an extension of time to file a response. (Doc. 32) Thereafter, counsel filed a supplemental memorandum in support of the motion, including a "Notice of Award" for Plaintiff's disability insurance benefits received by Mr. Rohlfing on October 17, 2019. (*See* Doc. 34 at 4, 7) Based upon the Notice, Mr. Rohlfing indicated he calculated the benefits to total $92,827.00. (Doc. 34 at 2) However, Mr. Rohlfing also acknowledged that the Administration indicated it would "usually withhold 25 percent of past due benefits in order to pay the approved representative's fee," and the Notice indicated the amount withheld was $8,794. (*Id.* at 2, 8) Therefore, Mr. Rohlfing indicated he still lacked information "to set forth the proper net past due benefits and withholding," and believed the Court "should await the Commissioner's informed response and clarification." (*Id.* at 2, 3)

On November 7, 2019, the Commissioner filed a response to the motion, including a "Notice of Award" issued related to Plaintiff's SSI benefits. (Doc. 35) The Commissioner observed that "the Notices of Award provide that Plaintiff received $35,176 for DIB and $19,455.50 for SSI for a total of $54,631.50 in past-due benefits." (Doc. 35 at 3) The Commissioner observed that the Notice related to Plaintiff's SSI award indicated he would be entitled to $25,689.50, but "his benefits were offset by $6,234 to account for the SSI benefits that his spouse received." (*Id.* at 1, n. 3; *see also* Doc. 35-1 at 5) Although Plaintiff's counsel believed the benefits owed were greater, the Commissioner explains the calculation by Mr. Rohlfing failed to account for deductions, such as worker's compensation that Plaintiff received. (*Id.* at ) Accordingly, the Commissioner asserts the fees initially requested exceed the amount permitted under Section 405(b), as "25 percent of Plaintiff's past due benefits totals $13,657.88." (*Id.* at 3)

Mr. Rohlfing did not file a brief in reply following the Commissioner's explanation of Plaintiff's awards of disability insurance income and supplemental income. In addition, Plaintiff has not opposed the motion.

## II.    Attorney Fees under § 406(b)

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 USC § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A); *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants).

A contingency fee agreement is unenforceable if it provides for fees exceeding the statutory amount. *Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

## III.    Discussion and Analysis

District courts "have been deferential to the terms of contingency fee contracts § 406(b) cases." *Hern v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003). However, the Court must review

contingent-fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In doing so, the Court should consider "the character of the representation and the results the representative achieved." *Id.* at 808. In addition, the Court should consider whether the attorney performed in a substandard manner or engaged in dilatory conduct or excessive delays, and whether the fees are "excessively large in relation to the benefits received." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (en banc).

Plaintiff entered into the contingent fee agreement in which he agreed to pay twenty-five percent of any awarded past-due benefits. (Doc. 31-1 at 2) The Law Offices of Lawrence Rohlfing accepted the risk of loss in the representation and expended a total of 20.15 hours while representing Plaintiff before the District Court. (Doc. 31-4 at 2) Due to counsel's work, the action was remanded further proceedings, and Plaintiff received a favorable decision, finding he was disabled as of April 2011. (Doc. 31-2 at 1, 15) For this, counsel requested a fee of $20,000, based upon a presumption that the past-due benefits would be approximately $120,000. (Doc. 31 at 4) However, following the filing of the motion, Notices of Awards filed by Plaintiff and the Commissioner indicate Plaintiff was entitled to $35,176.00 for disability insurance benefits and $19,455.50 for supplemental security income, for a total of $54,631.50 in past-due benefits, based upon the amount withheld by the Administration for payment of fees. *See* 42 U.S.C. § 406(a)(4), (b)(1)(A) (noting the Administration withholds 25 percent of past-due benefits) (*see also* Doc. 34 at 8 [indicating $8,794.00 was withheld from the DIB benefits]; Doc. 35-1 at 5) [indicating Plaintiff's SSI benefits were reduced by $6,234.00 due to payments received by his spouse during the relevant time]). Accordingly, counsel may recover only up to 25 percent of the $54,631.50 under the EAJA, or $13,657.88. *See* 42 U.S.C. § 406(b)(1)(A) Because $3,496.98 was previously paid under the EAJA, the net cost to Plaintiff is $10,160.90. Finally, though served with the motion and informed of the right to oppose the fee request (Doc. 31 at 2), Plaintiff did not file oppose the request and thus indicated his belief that fees in the amount up to $20,000 were reasonable.

Significantly, there is no indication the Law Offices of Lawrence Rohlfing performed in a substandard manner or engaged in severe dilatory conduct to the extent that a reduction in fees is warranted. Plaintiff was able to secure a remand for payment of benefits following the appeal, including an award of past-due benefits for his applications for both disability insurance benefits and

supplemental security income. Finally, modified amount of the fee award—based upon the information received following the filing of the motion— will not exceed twenty-five percent maximum permitted under 42 U.S.C. §406(b), or the amount withheld by the administration for payment of fees.

**IV.      Conclusion and Order**

Based upon the tasks completed and results achieved following the remand for further proceedings, the Court finds an award of fees under the EAJA is reasonable and appropriate. Accordingly, the Court **ORDERS**:

1.      Counsel's motion for attorney fees pursuant to 24 U.S.C. §406(b) is GRANTED in the modified amount of $13,657.88;

2.      The Commissioner shall pay the amount directly to Counsel, the Law Offices of Lawrence Rohlfing; and

3.      Counsel **SHALL** refund $3,496.98 to Plaintiff Joseguadalupe Escoto Esquivel.

IT IS SO ORDERED.

Dated:   **February 18, 2020**          **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE